UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHMUEL LOWENBEIN and BASHIE
LOWENBEIN, on behalf of themselves and
all others similarly situated,

                Plaintiffs,          Case No.: 11-cv-4262 (CBA) (CLP)

     - against -

                                     **ANSWER**

FIRSTSOURCE ADVANTAGE, LLC,

                Defendant.
-------------------------------------------------------------------X

       Defendant Firstsource Advantage, LLC (hereinafter "Firstsource"), by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, as and for its Answer to the Plaintiffs' Complaint dated August 31, 2011 ("Complaint"), alleges, upon information and belief, as follows:

       1.      Admits that Plaintiffs purportedly "seeks redress" under the Fair Debt Collection Practices Act (hereinafter "FDCPA") but denies that Plaintiffs are entitled to any redress from, and denies any liability or wrongful conduct by, Firstsource as alleged in the first paragraph of the Complaint and refers all questions of law to the Court.

       2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph of the Complaint.

       3.      Denies the allegations set forth in the third paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court.

4. Denies the allegations set forth in the fourth paragraph of the Complaint except admits that Firstsource is a New York limited liability company with its principal place of business in Amherst, New York.

5. Denies the allegations set forth in the fifth paragraph of the Complaint in the form alleged, therefore, denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection.

6. Denies the allegations set forth in the sixth paragraph of the Complaint in the form alleged, therefore, denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection.

7. Admits that the statutes referenced in the seventh paragraph of the Complaint confer federal question jurisdiction upon this Court but denies that Firstsource has violated any law that would subject Firstsource to the jurisdiction of this Court and refers all questions of law to the Court.

8. Denies the allegations set forth in the eighth paragraph of the Complaint in the form alleged, therefore, denies the same and refers all questions of law to the Court.

9. Denies the allegations set forth in the ninth paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection and that Firstsource attempted to collect valid and due debts owed by Plaintiffs.

10. Denies the allegations set forth in the tenth paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection and that Firstsource attempted to collect valid and due debts owed by Plaintiffs.

11. Denies the allegations set forth in the eleventh paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection and that Firstsource attempted to collect valid and due debts owed by Plaintiffs.

12. Denies the allegations set forth in the twelfth paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection and that Firstsource attempted to collect valid and due debts owed by Plaintiffs.

13. Denies the allegations set forth in the thirteenth paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court except admits that Firstsource is in the business of debt collection and that Firstsource attempted to collect valid and due debts owed by Plaintiffs.

14. Denies the allegations set forth in the fourteenth paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the court.

15. Denies the allegations set forth in the fifteenth paragraph of the Complaint and refers all questions of law to the Court.

16. Denies the allegations set forth in the sixteenth paragraph of the Complaint and refers all questions of law to the Court.

17. Denies the allegations set forth in the seventeenth paragraph of the Complaint and refers all questions of law to the Court.

18. Denies the allegations set forth in the eighteenth paragraph of the Complaint and refers all questions of law to the Court.

19. Admits the allegations set forth in the nineteenth paragraph of the Complaint to the extent that Plaintiffs purport to bring this action on behalf of themselves and the members of a class but denies that any such class exists and refers all questions of law to the Court.

20. Denies the allegations set forth in the twentieth paragraph of the Complaint and refers all questions of law to the Court.

21. Denies the allegations set forth in the twenty-first paragraph of the Complaint and refers all questions of law to the Court.

22. Denies the allegations set forth in the twenty-second paragraph of the Complaint and refers all questions of law to the Court.

23. Denies the allegations set forth in the twenty-third paragraph (and all subparts thereto) of the Complaint and refers all questions of law to the Court.

24. Denies the allegations in the twenty-fourth paragraph of the Complaint insofar as it relates to this action and refers all questions of law to the Court.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the twenty-fifth paragraph of the Complaint relating to whether Plaintiffs "will seek to certify a class" but denies that certification of a class is appropriate in this action and refers all questions of law to the Court.

26. Denies the allegations set forth in the twenty-sixth paragraph of the Complaint insofar as it relates to this action and refers all questions of law to the Court.

27. Denies the allegations set forth in the twenty-seventh paragraph of the Complaint and refers all questions of law to the Court.

28. Denies the allegations set forth in the twenty-eighth paragraph of the Complaint and refers all questions of law to the Court.

29. Denies the allegations set forth in the twenty-ninth paragraph of the Complaint and refers all questions of law to the Court.

30. Denies the allegations set forth in the thirtieth paragraph of the Complaint and refers all questions of law to the Court.

31. Denies the allegations set forth in the thirty-first paragraph of the Complaint and refers all questions of law to the Court.

32. Denies the allegations set forth in the thirty-second paragraph of the Complaint and refers all questions of law to the Court.

33. Denies the allegations set forth in the thirty-third paragraph of the Complaint and refers all questions of law to the Court.

34. Denies the allegations set forth in the thirty-fourth paragraph of the Complaint and refers all questions of law to the Court.

35. Denies the allegations set forth in the thirty-fifth paragraph of the Complaint and refers all questions of law to the Court.

36. Denies the allegations set forth in the thirty-sixth paragraph of the Complaint and refers all questions of law to the Court.

37. Denies the allegations set forth in the thirty-seventh paragraph of the Complaint and refers all questions of law to the Court.

38. Denies the allegations set forth in the thirty-eighth paragraph of the Complaint and refers all questions of law to the Court.

39. Denies the allegations set forth in the thirty-ninth paragraph of the Complaint and refers all questions of law to the Court.

40. Denies the allegations set forth in the fortieth paragraph of the Complaint and refers all questions of law to the Court.

41. Denies the allegations set forth in the forty-first paragraph of the Complaint and refers all questions of law to the Court.

42. Denies the allegations set forth in the forty-second paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court.

43. Denies the allegations set forth in the forty-third paragraph of the Complaint in the form alleged, therefore denies the same and refers all questions of law to the Court.

44. Denies the allegations set forth in the forty-fourth paragraph of the Complaint and refers all questions of law to the Court.

45. Denies the allegations set forth in the forty-fifth paragraph of the Complaint and refers all questions of law to the Court.

46. Denies the allegations set forth in the forty-sixth paragraph of the Complaint and refers all questions of law to the Court.

47. Denies the allegations set forth in the forty-seventh paragraph of the Complaint and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails to state a claim against Firstsource upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. The class allegations and definitions set forth by the Plaintiffs are fatally defective and lack commonality, typicality, numerosity and superiority.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

50. In the event that each Plaintiff is able to adequately plead and prove a violation of the FDCPA as to Firstsource, each Plaintiff's entitlement to statutory damages is capped at $1,000 per action, not per violation or per defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

51. Plaintiffs lack standing to assert FDCPA claims against Firstsource.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

52. To the extent that Plaintiffs' claims are barred by applicable statutes of limitation, Firstsource does not waive such applicable statutes of limitation with respect to any of the claims set forth in the Complaint and/or any claims which could have been set forth in the Complaint.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

53. Any harm suffered by the Plaintiffs was legally and proximately caused by persons, individuals, corporations or entities beyond the control or supervision of Firstsource or for whom Firstsource is not responsible or liable.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

54. Plaintiffs suffered no harm or damage from the alleged violations of the FDCPA by Firstsource, which are denied herein, and Plaintiffs are therefore not entitled to any award of damages, attorneys fees or costs.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

55. If Plaintiffs suffered any harm or if there was any violation of the FDCPA, both of which are denied herein, such harm and/or violation(s) were not intentional and resulted from a

*bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56.     Plaintiffs are not adequate class representatives for this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57.     Plaintiffs may be precluded from asserting this action and/or a class action because the credit agreements involved provide for arbitration and/or a class waiver.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

58.     Plaintiffs have not provided any material facts showing that Defendant acted with intentional or willful conduct or with grossly negligent disregard for federal or state laws and the rights of the Plaintiffs.  Defendant acted in good faith with respect to Plaintiffs and did not invade the Plaintiffs' privacy.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

59.     If Plaintiffs have incurred any damages, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce such damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

60.     Defendant is not a telemarketer and the TCPA does not apply to debt collectors. The FCC has made clear that "debt collection calls are exempt from the TCPA's prohibitions against prerecorded message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect residential subscriber rights."  7 FCC Rcd 8752, 8771-8772 (1992); Santino v. NCO Fin. Sys., 2011 U.S. Dist LEXIS 18185 (W.D.N.Y. Feb. 23, 2011) (holding that the TCPA does not apply to debt collection calls).

**WHEREFORE**, Defendant Firstsource Advantage, LLC demands judgment in its favor as follows:

    (a)    dismissal of the Complaint,

    (b)    the costs and disbursements of this action, including attorneys' fees, and

    (c)    such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 26 , 2011

                              MARSHALL, DENNEHEY, WARNER,
                              COLEMAN & GOGGIN

                              By: ___/s/_____
                                   Jeffrey J. Imeri (JI 3938)
                                   Attorneys for Defendant
                                   Firstsource Advantage, LLC
                                   140 Broadway, 19th Floor
                                   New York, New York 10005
                                   (212) 878-1700

TO:
    Adam J. Fishbein, Esq.
    Attorney for Plaintiffs
    483 Chestnut Street
    Cedarhurst, New York 11516
    (516) 791-4400